Clark, Appellant, *v.* Renshaw et al.

484

Argued September 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Thomas B. Hall*, for appellant.

*Louis Wagner*, and with him *T. J. Clary* and *R. A. Smith*, for appellee.

Opinion by Trexler, P. J., November 21, 1932:

The claimant with three other fellow-employees was putting a boiler for a hot water system down the cellar steps of a residence. He claims in the progress of the

operation the boiler slipped and struck him. We quote from his testimony. "The boiler slipped midway and stopped at the bottom. It struck me a glance with the legs here back of the right ear down the shoulders with a force that jerked down the whole entire side of my body." A doctor testified that a blow on the head as described by the claimant would cause the physical condition, which the claimant says was the result of the accident; in his opinion the paralysis, which the claimant had, resulted from a blow on the head. All the persons, who assisted in lowering the boiler, testified that there was no slipping in taking it into the cellar; that if it had slipped it would have thrown all those who were engaged in the job off their balance. They all stated that it was carried down without any interruption. After the boiler was put upon the cellar floor the claimant exhibited signs of distress, said his head hurt him, and his arms and legs began to twitch, and he ran up and down the cellar. A doctor was called who pronounced the ailment as an epileptic fit. The claimant was taken to a hospital and the medical history which he gave indicated among other disorders, recurrent attacks of epilepsy. Upon these statements of facts as presented by the claimant and defendant, the referee decided that the boiler did not slip, did not strike the claimant, and his immediate subsequent physical condition was due to an attack of epilepsy entirely disassociated with anything that occurred in the course of his employment. The finding of the referee was sustained by the board and on appeal to the court of common pleas the appeal was dismissed. There was a conflict of testimony. It was the duty of the referee to decide what were the real facts. He was not bound to accept the testimony produced by claimant. We must regard his conclusion the same as the verdict of a jury. He had a right to conclude that under all the evidence submitted there was not proof sufficient to support plaintiff's case. It is not

within our province to disturb the findings. A discussion of the causal connection between the alleged accident and claimant's subsequent condition is useless, for the referee found that there was no accident. There being competent proof which sustained his finding, there is no question of law for us to review.

Judgment is affirmed.